**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JAN ABRAHAM NEL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-21-CV-00092-FM** |
| | § | |
| **MERRICK GARLAND, U.S.** | § | |
| **ATTORNEY GENERAL, and** | § | |
| **CHRISTOPHER A. WRAY, U.S. FBI** | § | |
| **DIRECTOR,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT,**
**NOTICE BY THE COURT, AND ORDER TO SHOW CAUSE**

Jan Abraham Nel moves the Court to enter judgment against Defendants Merrick Garland and Christopher A. Wray. Pl.'s Mot., ECF No. 6. His motion is denied. He is also given notice and ordered to show cause why he has not timely and properly served Defendants, as required by the Federal Rules of Civil Procedure.

Nel filed a pro se complaint on April 19, 2021. Pl.'s Compl., ECF No. 1. He paid the entire $402.00 filing fee by July 31, 2021. Receipt, ECF No. 5. Because he paid the filing fee and was not proceeding in forma pauperis, he was responsible "for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c). So, he was required to serve Defendants within 90 days after he filed his complaint. Fed. R. Civ. P. 4(m). And he was also required to submit proof of service to the Court.[1] Fed. R. Civ. P. 4(l)(1).

"[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and

---

[1] The USPS tracking sheets Nel provides at ECF No. 6-1, pages 46 and 47, are inadequate to prove that he properly served the Defendants.

present defenses and objections." <u>Henderson v. United States</u>, 517 U.S. 654, 672 (1996). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." <u>Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.</u>, 484 U.S. 97, 104 (1987).

Nel has now moved the Court to enter judgment against the Defendants. Pl.'s Mot., ECF No. 6. But he has not provided proof—and there was no evidence—that he properly served Defendants in accordance with the Federal Rules of Civil Procedure. Hence, he has not established the Court may exercise personal jurisdiction over Defendants.

Accordingly, after due consideration, the Court **DENIES** Nel's "Motion for Judgment" (ECF No. 6). Additionally, the Court gives **NOTICE** to Nel that he has not properly served a Defendant within 90 days of filing his complaint, as required by Rule 4(m). The Court therefore **ORDERS** Nel to **SHOW CAUSE** <u>**within 14 days of the entry of this order**</u> why it should not dismiss his complaint for failure to timely serve a Defendant.

**SIGNED** this <u>**2nd**</u> day of March 2022.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**