| | | |
|---|---|---|
| JAN ABRAHAM NEL,<br>    **Plaintiff,** | § | |
| | § | |
| | § | |
| | § | **EP-21-CV-92-FM** |
| | § | |
| MERRICK GARLAND, U.S. | § | |
| Attorney General, and | § | |
| and CHRISTOPHER A. WRAY, | § | |
| Director, Federal Bureau of Investigations, | § | |
|     **Defendants.** | § | |

## <u>DISMISSAL ORDER</u>

Jan Abraham Nel, Federal Prisoner 97310-380, filed a <u>pro se</u> civil rights complaint on April 19, 2021. Pl.'s Compl., ECF No. 1. His claims arose from his (1) arrest on April 28, 2016 and subsequent prosecution for theft in cause number 20160D02824 in the 210th Judicial District Court in El Paso, Texas; (2) arrest on March 24, 2017 and subsequent prosecution for trafficking a person in cause number 20170D02200 in the 210th Judicial District Court in El Paso County; and (3) arrest on December 15, 2017 while still in state custody by federal authorities and subsequent prosecution for conspiracy to defraud the United States, making fraudulent claims, wire fraud, and money laundering in cause number EP-17-CR-02152-DB-1 in the Western District of Texas. He named Merrick Garland, the United States Attorney General, and Christopher A Wary, the Director of the Federal Bureau of Investigations, as defendants.

Nel paid the $402.00 filing fee by August 31, 2021. Receipt, ECF No. 7. He was therefore responsible "for having the summons and complaint served within the time allowed by

Rule 4(m)." Fed. R. Civ. P. 4(c). Moreover, he was required to serve the defendants within 90 days of filing his complaint. Fed. R. Civ. P. 4(m). He never submitted proof—and there is no evidence—that he served a defendant.

A court—on its own after notice to the plaintiff—"must dismiss the action without prejudice" when the plaintiff fails to serve a defendant within 90 days of filing his complaint. Id. But a court may extend the time for service for an appropriate period "if the plaintiff shows good cause for the failure." Id.

The Court gave notice to Nel on March 2, 2022, that he had not served a Defendant within the time required by Rule 4(m). Order to Show Cause, ECF No. 12. It also ordered Nel to show cause, within 14 days of the entry of the order, why it should not dismiss his complaint for failure to timely serve a defendant. Id. at 2.

As of this date, Nel has not responded to the Court's order. He was released from prison on January 19, 2022. See www.bop.gov/inmateloc (search for Reg. No. 97310-380, last visited Apr. 5, 2021). He has not apprised the Court of any change of address. He signed a form complaint which clearly stated:

> It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

Pl.'s Compl. 2, ECF No. 1.

The Court, after due consideration, therefore enters the following orders:

**IT IS ORDERED** that Nel's pro se civil rights complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS FURTHER ORDRED** that all pending motions are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this **5th** day of **April 2022**.

FRANK MONTALVO
UNITED STATES DISTRICT JUDGE